UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON KULIGOWSKI,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5906JLR

ORDER DENYING THE COMMISSIONER'S MOTION TO SUPPLEMENT THE CERTIFIED RECORD

Before the court is the Commissioner's motion for leave to supplement the Certified Record. (Mot. (Dkt. # 22).) Plaintiff opposes the motion. (Resp. (Dkt. # 25).) The Commissioner filed the original Certified Record as part of her answer, as required by statute. (Certified Record (Dkt. # 7); 42 U.S.C. § 405(g) (sentence three).) Plaintiff filed an opening brief relying on the Certified Record, including a transcript of a hearing held on March 15, 2017. (Pl. Br. (Dkt. # 12).)

The instant motion is based on the Commissioner's counsel's declaration. (Phillips Decl. (Dkt. # 23).) Counsel states that, because one of Plaintiff's opening brief arguments made him question whether the March 2017 hearing transcript was correct, counsel listened to a portion of the audio recording. (*Id.* at ¶¶ 3-6.) The audio recording

ORDER DENYING THE COMMISSIONER'S MOTION TO
SUPPLEMENT THE CERTIFIED RECORD - 1

is not part of the Certified Record.  (*See generally* Certified Record.)  After listening to the recording, counsel concluded that the transcript in the Certified Record did not accurately represent the audio recording.  (Phillips Decl. ¶¶ 3-6.)  Counsel then contacted the Social Security Administration to ask for "a more complete transcript, . . . highlight[ing] the place where" he found the inaccuracy.  (*Id*. ¶ 6.)  Counsel obtained a new transcript of the March 15, 2017, hearing, and now asks the Court to amend the Certified Record by adding the new transcript.  (*Id.* ¶ 7; Mot. at 1.)

This court "has no authority to amend the administrative record."  *Wetzler v. Colvin*, No. C15-1074BHS-DWC, 2016 WL 4376635, at *2 (W.D. Wash. July 11, 2016), *report and recommendation adopted*, No. C15-1074BHS, 2016 WL 4363311 (W.D. Wash. Aug. 16, 2016).  In *Wetzler*, for example, the plaintiff moved to supplement the administrative record by adding a prior ALJ decision.  *Id*.  In recommending a denial of the plaintiff's request, the court explained that 42 U.S.C. § 405(g) "does not provide the Court with a procedure for amending the administrative record on appeal."  *Id.* at *3.  This principle applies here.[1]

**A.      Amendment of the Certified Record as a "Pleading"**

The Commissioner argues that, because the statute governing social security appeals requires the Commissioner to file "a certified copy of the transcript of the record" as part of the Commissioner's answer, this court should grant leave to amend the

---

[1] Both parties refer to a recent case in this district in which the Commissioner's request to supplement the administrative record with a corrected hearing transcript was granted.  In that case, however, the request was unopposed and thus the court did not address the issue.  *See Cox v. Berryhill*, C18-5000BAT (W.D. Wash.), Dkt. # 18, 21, 24.

Certified Record as a pleading under Federal Rule of Civil Procedure 15(a)(2) "when justice so requires." (Mot. at 1-2 (quoting 42 U.S.C. § 405(g); Fed. R. Civ. Pro. 15(a)(2)); *see also* W.D. Wash. General Order 05-15 at 2 ("[T]he Commissioner shall file the certified administrative record . . . as the Commissioner's Answer. No separate Answer need be filed.").  However, 42 U.S.C. § 405(g) indicates that a record should not be treated as a pleading.  In providing for judicial review, the statute states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment. . . ." 42 U.S.C. § 405(g) (sentence four).  By referring separately to the "pleadings" and the "transcript of the record," the statute indicates that these are separate items even though the transcript must be filed "[a]s part of the Commissioner's answer." *Id.* (sentence three and four).  Moreover, pleadings are not evidence, while the transcript of the record must "includ[e] the evidence upon which the findings and decision complained of are based." *Id.* (sentence three).

Even if the Certified Record were a "pleading" that could be amended under Federal Rule of Civil Procedure 15(a)(2) "when justice so requires," the court concludes that justice does not require granting the Commissioner's motion.  After having previously "certifie[d] that the documents [in the Certified Record] constitute a full and accurate transcript of the entire record of proceedings relating to this case" the Commissioner now avers that the Certified Record is inaccurate. (*See* Certified Record at 1; Mot. at 1-4.)  The Commissioner does not offer any assurance that, aside from the specific inaccuracy identified in the March 15, 2017, hearing transcript, the remainder of

the Certified Record is accurate. To allow the Commissioner to selectively undermine the certification procedure does not serve justice.

**B.     Amendment of the Certified Record as an Appellate Record**

The Commissioner further argues that, because this court serves in an appellate capacity for social security disability appeals, the standard for modifying the Certified Record is found in Federal Rule of Appellate Procedure 10(e), which provides as follows:

> Correction or Modification of the Record
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>   (A) on stipulation of the parties;
>
>   (B) by the district court before or after the record has been forwarded; or
>
>   (C) by the court of appeals.

Fed. R. App. P. 10(e). To the extent this rule applies, subsection (1) is relevant to the present case because there is a "difference" between the parties "about whether the record truly discloses what occurred" in the proceedings below. *Id.* Accordingly, "the difference must be submitted to and settled by" the tribunal below, here the Social Security Administration. *Id.*; *see also United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989) ("[E]xhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record."). Logic further supports the conclusion

that the tribunal below must settle a dispute between the parties regarding the accuracy of the record for appeal. This court was not present at the March 15, 2017, hearing and has not heard the hearing recording, and thus has no way to determine whether the original transcript or the newly offered transcript is more accurate. This is a matter for the tribunal below.[2]

Accordingly, the court DENIES the Commissioner's motion for leave to supplement the Certified Record.

**C.    Surreply**

After the parties completed their briefing on the instant motion, Plaintiff filed a document styled as a motion for leave to file a surreply.[3] (MFS (Dkt. # 28).) The local rules permit a party to file a surreply "strictly limited" to requesting that the court "strike material contained in or attached to a reply brief." Local Rules W.D. Wash. LCR 7(g), 7(g)(2). "Extraneous argument or a surreply filed for any other reason will not be considered." *Id.* at 7(g)(2). The issues raised in Plaintiff's motion do not relate to a motion to strike and are therefore inappropriate for a surreply. (*See generally* MFS.) Accordingly, the court DENIES Plaintiff's motion for leave to file a surreply.

**D.    Conclusion**

For the foregoing reasons, the court DENIES the Commissioner's motion for leave

---

[2] In the reply brief, the Commissioner argues that this court should not "proceed to decide this case on an inaccurate record. . . ." (Reply (Dkt. # 27) at 3.) Neither party, however, has requested a remedy that is within the court's authority under 42 U.S.C. § 405(g).

[3] The local rules specify that a party "must file a notice of intent to file a surreply," not a motion for leave to file a surreply. *See* Local Rules W.D. Wash. LCR 7(g)(1).

to supplement the Certified Record (Dkt. # 22) and DENIES Plaintiff's motion for leave to file a surreply (Dkt. # 28).

DATED this 3rd day of June, 2019.

JAMES L. ROBART
United States District Judge